UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STEPHEN J. SCHUTZMAN, as trustee of NK HART TRUST AGREEMENT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2: 25-038-DCR |
| V. | ) ) ) | |
| ANT PRODUCTIONS, LLC, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Berkley National Insurance Company and Ant Productions, LLC, have each tendered a motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, to transfer venue of this action pursuant to 28 U.S.C. §1404(a). [Record Nos. 7 and 9] The defendants contend that the forum selection clause in the parties' agreement is valid and enforceable and request to the Southern District of New York.

The contract at issue provides:

> This Agreement shall be interpreted in accordance with the laws of the State of New York pertaining to agreements made and performed in New York.  The courts located in New York (state and federal), only, will have jurisdiction of any controversy regarding this Agreement:  any action of other proceeding which involves such a controversy will be brought in those courts, in New York and not elsewhere.

[Record No. 1-1 at 13]  Plaintiff Stephen Schutzman argues that despite the clause, Kentucky is the proper venue because the property that was allegedly damaged is located here.  [Record No. 11]  He contends that Kentucky law still applies because the forum selection clause notes that New York law will apply "to agreements made and performed in New York." *Id.* at 12.

Additionally, he argues that the forum selection clause is unenforceable because it is unreasonable and inconvenient to litigate the matter in New York. [Record No. 11]

"Forum-selection clauses . . . are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 309 (6th Cir. 2024) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (quoting *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). Determining whether a forum selection clause is enforceable, requires the court to consider the following: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citing *Wong*, 589 F.3d at 828).

Schutzman does not contend that the forum selection clause was obtained by fraud, duress, or unconscionable means, nor does he argue that New York courts would ineffectively or unfairly adjudicate the dispute. Instead, he insists that enforcing it would be unreasonable due to the inconvenience on the parties. However, whether he believes litigating in New York is inconvenient is not a proper factor when evaluating the validity of a forum selection clause. *See Atlantic Marine. Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 59 (2013); *see also Wong*, 589 F.3d at 829.

The plaintiff also argues that *forum non conveniens* public interest factors should defeat transfer of the action, but this argument is insufficient to overcome the presumption that the clause is valid and enforceable. *See Atl. Marine Constr. Co.*, 571 U.S. at 50–51, 59 ("When a

- 3 -

defendant files a § 1404(a) motion, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."). Here, there are no "extraordinary circumstances" clearly disfavoring a transfer. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants Berkley National Insurance Company and Ant Productions, LLC's motions [Record Nos. 7 and 9] are **GRANTED**, to the extent they request a venue transfer but **DENIED**, without prejudice, to the extent they request dismissal.

2. The Clerk of the Court is **DIRECTED** to transfer this matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404. All further filings in this case shall be filed with that Court.

Dated: April 30, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky